JULIO DÍAZ GARCÍA, Plaintiff and Appellee, *v.* FRANCISCO GONZÁLEZ RIVERA, Defendant and Appellant.

No. 10921. Argued May 4, 1953.—Decided May 26, 1953.

*Rodríguez Ema & Rodríguez Ramón* for appellant. *Abelardo Román Font* and *Juan R. García* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Plaintiff-appellee has requested the dismissal of the appeal brought by defendant-appellant from the judgment rendered on December 3, 1952 by the Superior Court of Puerto Rico, Arecibo Part. This motion is based in that defendant-appellant has not furthered his appeal with due diligence "since defendant-appellant has not moved for an extension of the term established by law to file the transcript of evidence, neither has he paid either wholly or in part the fees to the court stenographer, nor has he deposited either wholly or in part in the office of the clerk of the court, the stenographer's fees for the transcript of the evidence, and in that, disagreeing as to the fees demanded by the stenographer, he has not requested the court to set the fees in order to deposit them within an extension of time which he should have requested the court for said purpose."

Defendant-appellant has objected to the dismissal requested alleging that he has furthered his appeal with due diligence.

Let us examine the facts.

 The appeal was presented on January 7, 1953 and on that same date a request was made to the court for an order to the stenographer to prepare and file the transcript of evidence. The court issued an order to the effect, on January 13 of that same year which was served on A. González Grau, stenographer, on the 19th of that same month and on the counsel of the parties, on February 3. On January 22, 1953 González Grau wrote to Benjamín Rodríguez Ramón, Esq., one of the attorneys for defendant-appellant, that the charge for the transcript of evidence was $325. On February 2, counsel Rodríguez Ramón answered the stenographer apprising him that he considered that sum to be excessive, and in turn proposed the amount of $100 as a reasonable amount for the transcript, requesting a reply so as to deposit the aforesaid amount, should he reject such proposal, in the office of the clerk of the court, pursuant to the provisions of § 13 of the Rules of Administration for the Court of First Instance, in force since February 1, 1953. Having received no answer, Rodríguez Ramón wrote the stenographer again on February 17, and several days later, to wit on the 23rd, the stenographer answered repeating that the charges for the transcript of evidence were $325. Three days later, that is, on February 26, defendant-appellant filed a motion depositing in the office of the clerk of the trial court the amount of $100 and in said motion prayed the court "that once the stenographer had filed the transcript of evidence requested, should said official reject the amount herein deposited, to grant a hearing where defendant may appear to introduce evidence in support of his assertion that said fees should amount nearly $100, estimated pursuant to the provisions of § 5 of the Act of March 10, 1904 establishing the offices of stenographers in the district courts."

On March 10, defendant-appellant filed in the trial court a motion requesting an extension of 30 days to file the transcript of evidence. On the 19th of that same month, after the appellee had already moved this Court for the dismissal of the appeal, appellant filed in the trial court a motion requesting a new term to file the transcript of evidence. A hearing was held and the court, on April 6, entered a decision ordering defendant-appellant to deposit in the clerk's office within the term of 7 days the amount of $200 as provisional value of the transcript, providing that once said order was fulfilled, it would rule on the motion praying for a new term. The appellant having complied with said order, the trial court, by decision of April 22, granted defendant-appellant a new term of 30 days to file the transcript of the evidence.

The Rules of Administration for the Court of First Instance adopted by this Court, went in force on February 1, 1953. Rule 13 [1] provides that the Secretary shall notify the stenographer immediately of every order commanding the transcript of evidence and that except for good cause, the period of time for preparation of a transcript shall not be extended unless the interested party has deposited previously with the Secretary the fees of the stenographer within 20 days after notification of the order of court. Said Rule provides further that the stenographer shall prepare

---

[1] Said Rule read as follows:

"13. Transcripts of Evidence, Stenographer's Report and Compensation.

"The Secretary shall notify the stenographer immediately of every order calling for a transcript of evidence. Except for good cause, the period of time for preparation of a transcript shall not be extended unless the interested party has deposited previously with the Secretary the fees of the stenographer within twenty (20) days after notification of the order of the court. The appropriate District Attorney shall be heard before any extension is granted in a criminal case.

"The stenographer shall prepare and file transcripts for purposes of appeal in the order in which his fees, as determined by agreement with him or by order of court, are deposited in court. Transcripts which are required to be furnished free of charge shall be filed in the order the court directs that they be prepared and filed. Notwithstanding what is

and file transcripts for purposes of appeal in the order in which his fees, as determined by agreement with him or by order of court, are deposited in court.

This Rule authorizes the party appellant to settle with the stenographer as to the fees which said party is bound to deposit in court. In the absence of an agreement, the court is to determine the fees. Since these fees are fixed according to the schedule fees established by the Act of March 10, 1904 (Sess. Laws, p. 120), creating the offices of Stenographer Reporters of the district courts, that is, at a rate of ten cents for every 100 words, it is impossible to evaluate them with reasonable certainty before the transcript is made. Therefore, the court estimates said fees provisionally and the deposit made is subject to a final settlement, once the transcript is filed. The party appellant is not compelled to deposit the very fees which the stenographer fixes when there is disagreement between them, but neither is said party entitled to fix said fees by himself and the deposit which he makes as a result of his own estimate has no legal effect under Rule 13.

▮ It is the duty of the appellant to further his appeal with due diligence. When he can not reach an agreement with the stenographer as to the amount of fees to be deposited, it is his duty to request immediately the court to fix said amount so that he may comply with Rule 13. Otherwise, he runs the risk that his appeal be dismissed. In the

---

previously provided in this paragraph, the Administrative Judge, after consulting the judge who tried the case, may order the preparation and filing of a transcript of evidence out of turn when warranted because of special circumstances or the public interest.

"No fees deposited in court shall be delivered to a stenographer unless he has filed the transcript of evidence. However, if part of a transcript of evidence is filed, the Court may order delivery to the stenographer of the proportionate part of such fees.

"The Administrative Judge shall establish a system of rotation for stenographers which will result in an equitable distribution of income to them from the preparation of transcripts.

"Within the first five (5) days of each month the stenographers shall send to the Administrative Director on a form to be supplied to them a report stating the work performed by them on judicial matters, including fees received by them during the said month for transcripts of judicial matters, and any other information requested in the said form."

instant case appellant tried to fulfill the provision of depositing the fees as exacted by said rule. He took several steps leading to that purpose, but he chose a wrong procedure when he deposited in the clerk's office the amount of $100 which in his opinion represented the reasonable value of the transcript. Notwithstanding, we believe that this appeal should not be dismissed. The delay in perfecting it has been due to a mistake in the steps taken for the deposit of the fees rather than to appellant's lack of diligence. Therefore a petition for the dismissal of the appeal based on lack of diligence should not succeed.

The motion to dismiss filed by plaintiff-appellee will be denied.